UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY SEABURG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RAY MABUS, Secretary of the Navy,<br><br>　　　　Defendant. | CASE NO. C10-5043BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Larry Seaburg's ("Seaburg") motion for summary judgment. Dkt. 22. The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On March 10, 2010, Seaburg filed a complaint in the above-captioned action in which he appears to be suing Defendant Ray Mabus, Secretary of the Navy ("Secretary Mabus") in his official capacity for discrimination. Dkt. 6. On December 27, 2010, Seaburg filed a motion for summary judgment. Dkt. 22. On January 10, 2011, Secretary Mabus responded (Dkt. 23) and on January 21, 2011, Seaburg replied (Dkt. 24).

## II. DISCUSSION

**A.　Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material

ORDER - 1

1  fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).
2  The moving party is entitled to judgment as a matter of law when the nonmoving party
3  fails to make a sufficient showing on an essential element of a claim in the case on which
4  the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323
5  (1986). There is no genuine issue of fact for trial where the record, taken as a whole,
6  could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*
7  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must
8  present specific, significant probative evidence, not simply "some metaphysical doubt").
9  *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if
10 there is sufficient evidence supporting the claimed factual dispute, requiring a judge or
11 jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477
12 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d
13 626, 630 (9th Cir. 1987).

14  The determination of the existence of a material fact is often a close question. The
15 Court must consider the substantive evidentiary burden that the nonmoving party must
16 meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477
17 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual
18 issues of controversy in favor of the nonmoving party only when the facts specifically
19 attested by that party contradict facts specifically attested by the moving party. The
20 nonmoving party may not merely state that it will discredit the moving party's evidence at
21 trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec.*
22 *Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific
23 statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan*
24 *v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

25 **B.    Seaburg's Motion for Summary Judgment**

26  Seaburg states in his motion for summary judgment that he is requesting "a
27 decision by the court in this case based on the existing documentation and evidence in
28

this case for employment discrimination retaliation." However, Seaburg has failed to file any evidence on which the Court could grant summary judgment. The arguments made by Seaburg in his motion cannot be considered evidence for purposes of deciding a motion for summary judgment. *See British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (arguments made in legal memoranda are not evidence). Therefore, the Court concludes that Seaburg has failed to show that he is entitled to judgment as a matter of law and it is hereby **ORDERED** that Seaburg's motion for summary judgment (Dkt. 22) is **DENIED**.

DATED this 28th day of February, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3